In the Matter of the Accounting of BANKERS TRUST COMPANY, as Executor of BENJAMIN SHALETT, Deceased.

Surrogate's Court, New York County, May 25, 1948.

*Jack Gross* for executor, petitioner.

*Louis Waldman* and *Charles H. Green* for Marguerite S. Herman and others, respondents.

*Jacob W. Abraham,* special guardian for Stephanie Herman and others, infants, respondents.

*Henry Silverman,* special guardian for Julia Vinograd, an infant, respondent.

COLLINS, S. In this proceeding for the settlement of the intermediate account of the executor, the petitioner asks a construction of the will and instructions as to the disposition of certain of the assets of the testator. The principal question relates to the allocation of estate taxes. None of the parties contends that the will contains any direction relieving property passing outside the will from its equitable share of the estate taxes. Lacking a contrary direction in the will, the statutory rule applies and the estate taxes must be equitably prorated against the insurance proceeds. (Decedent Estate Law, § 124.) There remains the issue respecting the allocation of the taxes as between the general legatees and the residuary trust.

The testator was survived by two daughters, a brother and two sisters. He set up his residuary estate in trust for one daughter, Sherna Vinograd. The brother was given a legacy of $10,000, a friend was bequeathed $2,500 and trusts were set up for the other daughter and the two sisters. The residuary clause insofar as material reads:

" All the rest, residue and remainder of my estate, real and personal, of whatsoever kind or character and wheresoever situated, of which I may die seized or possessed or to which I may be entitled, including lapsed legacies, *after the payment of my* debts and the legacies hereinbefore provided, *and all taxes thereon,* I give, devise and bequeath to my trustee * * *.

"Eleventh. It is my intention and desire to set apart and create for the benefit of my said daughter, Sherna Vinograd, a preferential trust, the net value thereof to be not less than One Hundred Thousand ($100,000.00) Dollars, for the purposes and uses provided in the preceding article of this Will, and in the event the net value of the trust estate *so set apart* and created for the benefit of my said daughter, at the time of my death, be less than One Hundred Thousand ($100,000.00) Dollars, then I direct that the bequests and the trusts provided for in Articles 'Fourth', 'Fifth', 'Seventh', 'Eighth' and 'Ninth' of this Will, be proportionately abated to such extent and in such amount as will be necessary to make the net value of the preferential trust aforesaid equal to the sum of $100,000.00." (Emphasis supplied.)

The parties are in disagreement as to the method of setting up the preferential residuary trust and as to the source of payment of estate taxes and each contends for a different allocation of taxes and a different net amount for the preferential trust. No useful purpose would be served in analyzing the respective arguments or discussing the cases cited in support of them. The intent of this testator is clear. In the tenth paragraph he says explicitly that the residuary estate therein bequeathed was to consist of what was left of his property after payment of his debts and the legacies thereinbefore bequeathed "and all taxes thereon." The testator has thus given an express and unambiguous direction that the legacies thereinbefore provided are initially to be set apart free of any burden of estate taxes. This is merely one of the steps in the execution of the testamentary plan, however, because the next paragraph of the will unfolds a further part of the plan. If the normal residue, after payment of taxes, exceeds $100,000 then the general legacies and general trusts are to be paid in full. However, "in the event the *net value* of the trust estate *so set apart* and created for the benefit" of his daughter (the residuary trust) be less than $100,000, he directs that the legacies and trusts in the enumerated paragraphs "be proportionately abated to such extent and in such amount as will be necessary to make the *net value* of the preferential trust aforesaid equal to the sum of $100,000.00." (Emphasis supplied.) When the executors are able to ascertain the net amount of the residuary estate after payment of all proper debts, claims and expenses, and after payment of all estate taxes on property passing under the will, they must determine the amount by which the "trust estate so set apart" is less than $100,000. The amount of the deficiency

is to be taken proportionately from the general legacies and trusts designated in the eleventh paragraph, and those gifts abate to such extent.

Since this is only an intermediate account, there is now available only the estimate of the executors as to the final condition of the estate finances, and the court cannot, therefore, determine now whether the legacies are to abate and if so, to what extent. In order to make clear the court's directions respecting the method of setting up the preferential trust, we can assume that after payment of all such debts, claims, expenses and taxes, there remains $145,000, the amount estimated by the executor. The designated general legacies and trusts will require $67,500 and in the assumed state of the finances the normal residue would be $77,500. There must then be taken from the general legacies and trusts $22,500 and this sum must be added to the preferential trust. Each of the enumerated legacies and trust must under such circumstances contribute to that deficiency in the proportion which the amount of the legacy or trust bears to $67,500.

The court holds further that in the event of a partial abatement of the trusts, the testator nevertheless intended that the annual payments to the beneficiaries were to be made in the specified amounts.

The will directs that in the event that the death of the beneficiary of the trust under the eighth paragraph occurs before the exhaustion of the fund, the balance shall become part of the residuary trust. If that event occurs and if the estate finances shall require a partial abatement of the designated legacies and trusts, the balance of the fund under paragraph eighth must first be used to satisfy the partially abated legacies and trusts. They were to be abated only " to such extent and in such amount " as would be required to set up the preferential trust in the stated net sum. When the remainder of any of the designated trusts falls into the residue and increases it above the minimum level, the abatement suffered by the other legacies and trusts must to that extent be repaired.

The letters referred to in the petition pass under the third paragraph of the will.

Some of the legatees have raised the question of the legal capacity of a charity to take the legacy bequeathed to it. The charity has not been given appropriate notice in this proceeding that its right to the legacy has been challenged. That issue must, therefore, be deferred to the final accounting and formulated upon proper notice to the legatee.

Objections having been filed, this matter has been placed on my calendar for a hearing on the 14th day of June, 1948, at 2:30 P.M. After the determination by the court of the issues raised by the objections, a decree may be submitted on notice construing the will in accordance with this decision.

Proceed accordingly.